IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,972-02






EX PARTE JACOB BARRON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 06-6548-C IN THE 106TH DISTRICT COURT


FROM DAWSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of engaging in
organized criminal activity and sentenced to ten years' imprisonment. He did not appeal his
conviction.

 Applicant contends that his trial counsel rendered ineffective assistance because he did not
preserve Applicant's right to appeal. Applicant also alleges that the trial court improperly ordered
the sentence in this case to run consecutively to the sentence in another case.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from Applicant's trial counsel addressing Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 It appears that the trial court has appointed habeas counsel on Applicant's behalf. If this is
true and appointed counsel is the same attorney Applicant alleges was ineffective, the trial court shall
appoint Applicant different habeas counsel. If the trial court has not appointed counsel and elects to
hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes
to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the
hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant.
Specifically, the trial court shall make findings as to whether counsel advised Applicant concerning
the meaning and effect of the judgment rendered by the court, his right to appeal from that judgment,
and the necessity of giving notice of appeal and taking other steps to pursue an appeal. If the trial
court finds that counsel fully advised Applicant of his appellate rights, the trial court shall make
findings as to whether Applicant informed counsel that he wanted to appeal. 

 The trial court shall also make findings of fact as to whether its cumulation order was
authorized by law. Specifically, the trial court shall make findings as to whether the order causing 
the sentence for the instant case to run consecutive to Dawson County Cause No. 06-6547-C for
delivery of a controlled substance was statutorily authorized. Tex. Pen. Code § 3.03. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, and the
indictment, judgment, and any plea papers from Cause No. 06-6547-C, shall be returned to this Court
within 120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: September 28, 2011

Do not publish